IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATHY J. GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:17-cv-141-MHT-WC ) |
| GREAT LAKES, *et al.*, | ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 2). On March 10, 2017, the District Judge entered an Order (Doc. 3) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Because Plaintiff has requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

On March 21, 2017, the undersigned Magistrate Judge entered an order (Doc. 4) finding that Plaintiff's complaint fails to state any claim upon which relief could be granted

and that it is therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii). In short, the undersigned concluded that Plaintiff's Complaint failed to present any well-pleaded allegations of fact with respect to any claim against the only two Defendants named in the complaint, and that, additionally, any claim for a violation of Plaintiff's constitutional rights that could be construed from her complaint's general allegations is time-barred. Doc. 4 at 3-4. The Order further directed as follows:

> Plaintiff shall, **on or before April 10, 2017**, file an amended complaint that, consistent with the principles described in this order, complies with Rule 8(a) of the Federal Rules of Civil Procedure so that this court may satisfy its statutory screening obligation and, if appropriate, Defendants may respond to Plaintiff's allegations. Plaintiff must clearly and succinctly allege the facts with which she is aggrieved, and, as to each Defendant named in the complaint, they must clearly and succinctly allege the specific actions taken by such Defendant which she alleges has violated her constitutional rights or some provision of state or federal law.

Doc. 4 at 5 (footnote omitted). Finally, the Order cautioned Plaintiff that, should she fail to file an amended complaint as directed, the undersigned would enter a "recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the court." *Id*.

Plaintiff has not filed her amended complaint as instructed by the court's Order of March 21, 2017. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED due to Plaintiffs' failure to prosecute this action and abide by the orders of the court. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before May 1, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of April, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE